# United States Court of Appeals for the Fifth Circuit

————————

No. 23-30487
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

David Tran, (78),

*Defendant—Appellant*.

————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-217-1

————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

David Tran pleaded guilty to four drug-related offenses and was sentenced to concurrent terms of 140 months of imprisonment and five years of supervised release. Approximately one week before he was sentenced, Tran filed a motion to withdraw his guilty plea. The district court denied the motion, and he appealed. Concluding that the district court had abused its

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

discretion in denying Tran an evidentiary hearing on the motion, we vacated the district court's order and remanded for an evidentiary hearing. After conducting an evidentiary hearing, the district court denied Tran's motion, and Tran now appeals the denial. He also asserts, in the alternative, that his conviction and sentence should be vacated because his guilty plea was rendered involuntary by the ineffective assistance of Robert C. Jenkins, who represented Tran when he decided to plead guilty, and Baldemar Zuniga, who was retained by Tran's family to investigate issues for appeal and was present for Tran's guilty plea.

We review a district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *United States v. Lord*, 915 F.3d 1009, 1013-14 (5th Cir. 2019). Our review of the record, Tran's arguments, and the district court's consideration of the factors in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), establishes that the district court did not abuse its discretion in denying Tran's motion. *See Lord*, 915 F.3d at 1013-14.

As for Tran's ineffective assistance of counsel claims, the record is not sufficiently developed to permit us to consider the merits of Tran's allegations. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). We therefore decline to consider these claims without prejudice to collateral review. *See id.*

AFFIRMED.